UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY JHUNIOR MAYTA HUARHUA,<br><br>                   Petitioner,<br><br>     v.<br><br>FACILITY ADMINISTRATOR, et al.,<br><br>                   Respondents. | Case No. 5:26-cv-01611-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Jimmy Jhunior Mayta Huarhua ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus seeking release from Respondents' custody at the Desert View Annex Detention Facility in Adelanto, California. Dkt. No. 1. Petitioner also filed an ex parte application for a temporary restraining order ("TRO"). Respondents filed a response to the Petition, Dkt. No. 8, and the Court held a hearing on the TRO and Petition on April 10, 2026.

## I.    Background

Petitioner is a citizen of Peru who entered the United States without inspection on approximately May 28, 2022, near Yuma, Arizona.  Dkt. No. 1 at 5.  At some time thereafter, Petitioner was detained by the Department of Homeland Security ("DHS") which, on May 31, 2022, released Petitioner on humanitarian parole pursuant to Section 212(d)(5)(A) of the Immigration and Nationality Act ("INA").  *Id.*; Dkt. No. 1-1 at 2.

Petitioner alleges that after being released on parole, he complied with all DHS supervision requirements and appeared for scheduled Immigration and Customs Enforcement ("ICE") reporting appointments as instructed.  Dkt. No. 1 at 6.  On March 2, 2026, Petitioner appeared for his scheduled supervision appointment and was detained by ICE and subsequently transferred to the Desert View Annex Detention Facility, where he remains today.  Prior to his re-arrest, Petitioner did not receive written notice terminating his parole or explaining the basis for his continued detention.  *Id.*

## II.    Discussion

Petitioner asserts his current detention violates due process under the Fifth Amendment.  Dkt. No. 1 at 11.

Respondents' response to the Petition does not address the due process claim and does not dispute the facts raised in the Petition.  Respondents only argue that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (*Bautista*), and that to the extent Petitioner is entitled to any remedy, it is at most, a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a). Dkt. No. 8 at 2.

As an initial matter, the Court construes the motion for TRO as a motion for preliminary injunction since Respondents received notice and filed

2

a response to the Petition.  After hearing argument on the preliminary injunction and Petition as a whole, for the foregoing reasons, the Court grants the Petition based on due process and denies the preliminary injunction as moot.

### A.   Petitioner's Detention Violates Procedural Due Process

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard.  *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

#### 1.   Private Interest

The Court finds that Petitioner has a substantial liberty interest in maintaining his settled life out of custody.  Petitioner has resided in the

3

United States for over three years since he was released on conditions on May 31, 2022.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

According to Petitioner, he has lived in the United States for over three years and has established ties in this country. Dkt. No. 1 at 6. The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, No. 5:25-cv-02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-

4

01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2.   Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The Petition suggests that Petitioner is not a flight risk or danger. Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Because he was released on humanitarian parole, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). At the hearing and in their response to the Petition, Respondents did not provide information on any changed circumstances since the Petitioner's initial release.

Therefore, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's

unnecessary detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## III. Order

For the foregoing reasons, the Court GRANTS Count 1 of the Petition under due process and dismisses Count 2 without prejudice.

The Court ORDERS Respondents to release Petitioner forthwith, and in any event no later than April 13, 2026, under the terms and conditions of his

pre-existing release as if he had not been re-detained. Future enforcement actions after release should comply with Due Process, 8 C.F.R. § 212.5 and 8 U.S.C. § 1226(a).

IT IS SO ORDERED.


DATE: April 10, 2026

*Patricia Donahue*

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

7